**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DEWEY O. HOPPER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17-CV-2601 SRW |
| | ) | |
| JEFF NORMAN, | ) | |
| | ) | |
| Respondent(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Dewey O. Hopper, Jr. for a writ of habeas corpus under 28 U.S.C. § 2254. The State has filed a response and Petitioner replied. Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**I.    BACKGROUND**

Petitioner is currently incarcerated at South Central Correctional Center in Licking, Missouri. Petitioner was charged with one count of forcible rape in violation of Mo. Rev. Stat. § 566.030. (ECF No. 13-2 at 17-19). On November 23, 2010, a jury found Petitioner guilty, and the trial court sentenced him to 50 years' imprisonment in the Missouri Department of Corrections. (ECF No. 13-2 at 58). Petitioner filed a direct appeal to the Missouri Court of Appeals for the Southern District, Case No. SD31055, claiming that the trial court erred in excluding evidence of a prior false allegation by the victim and allowing prior testimony of the victim's sister who was unavailable for trial. (ECF No. 13-3 at 1-33). The state appellate court

1

affirmed Petitioner's conviction and sentence and issued its mandate on December 7, 2011. (ECF No. 13-5 at 1-6).

On March 1, 2012, Petitioner filed a self-represented Motion to Vacate, Set Aside, or Correct the Judgment and Sentence pursuant to Rule 29.15. (ECF No. 13-6 at 6-13). On June 12, 2012, after the appointment of post-conviction counsel, Petitioner filed an Amended Motion under 29.15 and a Request for Evidentiary Hearing. (ECF No. 13-6 at 14-27). In the Amended Motion, Petitioner asserted three grounds for relief: (1) his 50-year sentence was outside the maximum sentence authorized by Mo. Rev. Stat. § 566.030; (2) trial counsel was ineffective for failing to object to the 50-year sentence; and (3) trial counsel was ineffective in submitting "Instruction No. 9" to the jury. After an evidentiary hearing was granted and evidence was submitted through depositions, including the deposition of trial counsel (ECF No. 13-6 at 50-75), Petitioner's claims for post-conviction relief were denied by the Circuit Court for Dunklin County, Missouri on January 4, 2016. (ECF No. 13-6 at 76-83).

On February 11, 2016, Petitioner filed a notice of appeal with the Missouri Court of Appeals for the Southern District. (ECF No. 13-6 at 86). Petitioner raised a single issue on appeal from the Circuit Court's denial of post-conviction relief. (ECF No. 13-7 at 1-30). Specifically, Petitioner argued that trial counsel was ineffective for proffering Instruction No. 9 to the jury. (ECF No. 13-7 at 18). On November 29, 2016, the Missouri Court of Appeals for the Southern District affirmed the Circuit Court's denial of post-conviction relief on the sole point brought on appeal. (ECF No. 13-9 at 1-10).

On October 2, 2017, the instant § 2254 was filed. In the section of the Petition form designated to state his grounds for relief, Petitioner wrote "See Attachment A." (ECF No. 1 at 5-6). Attachment A is a copy of his June 12, 2012 Amended Motion to Vacate. (ECF No. 1-1). The

2

Court reasonably assumes that by referencing his Amended Motion to Vacate in the instant Petition, his intent is to allege the same three grounds brought forth in his Amended Motion for post-conviction relief.

On December 7, 2017, Respondent filed a Response to Order to Show Cause. (ECF No. 10). As to Grounds One and Two, in which Petitioner alleges that his 50-year sentence exceeds the maximum sentence authorized by state statute and his trial counsel was ineffective for failing to object to the sentence, Respondent argues that "Congress does not authorize this Court to review a substantive claim of Missouri state law." (ECF No. 10 at 3). As to Ground Three, in which Petitioner alleges that he received ineffective assistance of counsel for proffering Instruction No. 9, Respondent argues that the "state court's resolution of [the] issue[] was reasonable, and the Court should give that determination deference." (*Id.* at 4). Respondent specifically asserts that "[g]iven the age difference between [Petitioner] and his victim, counsel was concerned that the jury would convict [Petitioner] of forcible rape, based only on a perception that a statutory rape occurred" and "Instruction No. 9 attempted to cabin the jury's consideration of such information." (*Id.* at 3). In reply, Petitioner generally refers to the post-trial deposition of his trial counsel. (ECF No. 18). Petitioner argues that the deposition testimony shows that his trial counsel was "ineffective because he did not read nor correct Jury Instruction No. 9 before giving it to the Judge . . . and it did not do what it was supposed to do instead it prejudice[d] Petitioner to the jury." (*Id.* at 1).

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the

3

United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the

4

state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

### III. DISCUSSION

#### A. Grounds One and Two: Excessive Sentence and Ineffective Assistance of Trial Counsel for Failure to Object to Sentence

In Grounds One and Two, Petitioner alleges that his 50-year sentence for forcible rape was in excess of the maximum sentence authorized by Mo. Rev. Stat. § 566.030 and his trial counsel, Mr. Brandon Sanchez, was ineffective for failing to object to the sentence. Specifically, Petitioner asserts that the state statute authorizes a maximum sentence of life imprisonment or a term of years not less than five years. Petitioner argues that because Mo. Rev. Stat. § 558.019.4(1) provides that a sentence of life imprisonment is considered, for purposes of parole, as a sentence of 30 years imprisonment, his 50-year sentence was excessive and violative of Mo. Rev. Stat. § 566.030. (ECF No. 1-1 at 4).

Petitioner unsuccessfully raised his claims of an excessive sentence and ineffective assistance of counsel for failing to object to the sentence in his state post-conviction relief proceedings. The motion court denied the claim on the merits. In its decision, the Circuit Court for Dunklin County, Missouri held:

> [T]he Missouri Supreme Court discussed this exact issue and held that Section 566.030.2 RSMo authorizes two sentencing options, life imprisonment or an unlimited term of years not less than five years. *State of Missouri v. Hardin*, 429 S.W.3d 417 (Mo. banc 2014). Movant's sentence of 50 years was not in excess of the maximum authorized by law and trial counsel was not ineffective for failing to object to the sentence. Movant's claims are without merit.

(ECF No. 13-6 at 79).

5

In the instant action, Respondent argues the state court's determination that Petitioner's sentence was correct under a Missouri statute is an issue of state law, not federal constitutional law, and therefore not cognizable under § 2254(a). The Court agrees. The state court's decision did not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. To the contrary, the state court relied on an analysis of state law to determine that Petitioner's 50-year sentence was not excessive and trial counsel was not ineffective for not objecting to that sentence. This Court will defer to the state court's decision as federal habeas corpus relief does not lie for alleged errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Moreover, because Petitioner's 50-year sentence was determined to comply with state law, Petitioner's claim that counsel was ineffective for not objecting to the sentence also fails because he is unable to prove prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (in order to prevail on an ineffective assistance of counsel claim, a petitioner must show that he was prejudiced).

Petitioner's first and second claims will be denied.

### B. Ground Three: Ineffective Assistance of Trial Counsel for Proffering Jury Instruction 9

In Ground Three, Petitioner argues that his trial counsel was constitutionally ineffective for submitting Instruction No. 9 to the jury, which read:

> If you find and believe from the evidence that the defendant was involved in the offense of Statutory Rape in the 2nd Degree by engaging in sexual intercourse with [Victim], which defendant was over 21 years of age and [Victim] was under 17

6

>years of age, you may consider that evidence on the issue of identification of the defendant and whether defendant and [Victim] engaged in sexual intercourse on July 5, 2004. You may not consider such evidence for any other purpose.

(ECF No. 13-9 at 6).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that she was prejudiced by her attorney's action or inaction. *See Strickland*, 466 U.S. at 687. A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." *Id.* "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. *Id.* The petitioner must not only assert prejudice but must affirmatively prove that prejudice was present. *See id.* at 693.

On appeal from the denial of his post-conviction relief, Petitioner argued that trial counsel was ineffective for proffering Instruction No. 9 because it "highlighted the uncharged crime of Statutory Rape in the 2nd Degree, thereby allowing the jury to find [him] guilty of [the] uncharged crime rather than the charged crime of forcible rape" and "informed the jury it could use the evidence of statutory rape on the issue of identification, which was 'confusing' because identification was not an issue in the case[.]" (ECF No. 13-9 at 6-7). The Missouri Court of Appeals for the Southern District affirmed the Circuit Court's denial of post-conviction relief holding that "assuming without deciding there was an error in submitting Jury Instruction 9," Petitioner failed to establish that it "confused or misled the jury such that [he] was substantially

deprived the right to a fair trial" and thus "failed to establish the prejudice prong of his ineffective assistance of counsel claim." (*Id.* at 9-10).

In general, "federal habeas relief is not available in cases of faulty jury instructions." A*ldridge v. Dormire*, No. 4:06-CV-1641 (CEJ), 2010 WL 883656, at *12 (E.D. Mo. Mar. 5, 2010) (citing *Estelle*, 502 U.S. at 71-72). "State prisoners are rarely granted federal habeas corpus relief based on instructional errors, because '[the] formulation of jury instructions primarily concerns the application and interpretation of state law[.]'" *Staples v. King*, No. 09-987 (DSD/JSM), 2010 WL 3893614, at *8 (D. Minn. Sept. 14, 2010) (quoting *Louisell v. Dir. of Iowa Dep't of Corrs.*, 178 F.3d 1019, 1022 (8th Cir. 1999)). "For a petitioner to obtain relief based on a faulty jury instruction, the instruction must 'so infect[ ] the entire trial that the resulting conviction violates due process.'" *Clemmons v. Delo*, 177 F.3d 680, 685 (8th Cir. 1999) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

Here, Petitioner has not demonstrated that Instruction No. 9 was faulty or that its submission violated his due process. To the contrary, the appellate court noted that Instruction No. 9 was appropriately patterned after the Missouri Approved Instruction, MAI-CR3d 310.12 (1999), which is a state model jury instruction, and did not misapply state law.  Additionally, the appellate court interpreted state law to hold that the instruction at issue was not prejudicial to Petitioner:

> At the outset, we note that instructional errors are generally not cognizable in a proceeding for post-conviction relief "unless such errors are rise to the level of a constitutional error substantially depriving a defendant of the right to a fair trial." *Manwarren v. State*, 223 S.W.3d 899, 903 (Mo.App. 2007). Instructional error constitutes reversible error only when there was error in submitting the instruction *and* prejudice resulted therefrom. *Tilley v. State*, 202 S.W.3d 726, 733 (Mo.App. 2006). "Any deviation from the approved instructions shall constitute error and its prejudicial effect must be 'judicially determined by considering the facts and instructions together.'" *State v. Dismang*, 151 S.W.3d 155, 164 (Mo.App. 2004) (quoting *State v. Thomas*, 75 S.W.3d 155, 164 (Mo.App. 2004) (quoting *State v.*

8

> *Thomas*, 75 S.W.3d 788, 791 (Mo.App. 2002)); *see also* Rule 28.02(f). "In the context of an ineffective assistance of counsel claim based on instructional error, 'prejudice is the potential for confusing or misleading the jury.'" *Bolden v. State*, 423 S.W.3d 803, 811 (Mo.App. 2013) (quoting *Manwarren*, 223 S.W.3d at 903).
>
> Assuming without deciding that there was error in submitting Jury Instruction 9, Movant has failed to demonstrate that this deprived him of his right to a fair trial. "An instruction which is an 'accurate statement of law and supported by the evidence does not prejudice the defendant.'" *State v. Doubenmier*, 444 S.W.3d 921, 930 (Mo.App.2014) (quoting *State v. Avery*, 275 S.W.3d 231, 233 (Mo. banc 2009)). Here, Jury Instruction 9 informed the jury it could use evidence of an uncharged allegation – Statutory Rape in the 2nd Degree – on the issues of: (1) Movant's identification, and (2) whether Movant and Victim engaged in sexual intercourse on July 5, 2004. Evidence of an uncharged crime
>
>> may be admissible if it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; or (5) the identity of the person charged with the commission of the crime on trial.
>
> *State v. Primm*, 347 S.W.3d 66, 70 (Mo. banc 2011). In the context of sexual crimes against a child, "additional sexual misconduct with the victim is probative of [a defendant's] sexual desire for that individual and, thus, tends to establish a motive for the sexual offenses charged." *Id.* at 71. Jury Instruction 9 therefore did not misstate the law.
>
> We also find no merit in Movant's suggestions that Jury Instruction 9 either misled or confused the jury.

(ECF No. 13-9 at 7-8).

Jury instructions are a matter of state law, and this Court may not re-examine the state court's interpretation and application of the MAI instructions and Missouri case law regarding those instructions. *Nunley v. Bowersox*, 784 F.3d 468, 471 (8th Cir. 2015); *see also Messier v. Steele*, No. 14-3164-CV-S-GAF-P, 2014 WL 4930653, at *6 (W.D. Mo. Oct. 1, 2014) ("Jury instructions involve questions of state law," and federal courts may not re-examine determinations by a state court on matters of state law). Thus, this Court cannot find that Instruction No. 9 was faulty or that Petitioner's trial attorney failed to exercise the degree of skill

9

and diligence a reasonably competent attorney would exercise under similar circumstances in the submission of the instruction because it was determined by a state court to accurately conform to state law. *See Estelle*, 502 at 67-68 (it is not within the province of a federal court to re-evaluate a state court's interpretation of state law).

Additionally, Petitioner has failed to affirmatively prove prejudice. In his Reply to Respondent's Response to the Show Cause Order, Petitioner states that the post-trial deposition of his counsel shows he "was ineffective because he did not read nor correct Jury Instruction Number 9 before giving it to the Judge . . . and it did not do what it was supposed to do instead it prejudice[d] Petitioner." (ECF No. 18). First, the Court finds Petitioner's assertion that his trial counsel did not read the jury instruction prior to its submission is a mischaracterization of the deposition testimony. Trial counsel testified his co-counsel drafted Instruction No. 9, but further testified that he personally reviewed and submitted it to the trial court. (ECF No. 13-6 at 57-58). Second, although trial counsel had difficulty remembering why his co-counsel included a reference to statutory rape in the jury instruction and admitted it might not have achieved the intended goal, he testified Instruction No. 9 was proffered to "fix" the potential prejudicial effect of the trial court's allowance of testimony regarding the victim's age and subsequent consensual sexual encounters between the victim and Petitioner. (*Id.* at 59-62, 65-66). In reviewing trial counsel's deposition to deny Petitioner's post-conviction motion, the Circuit Court held:

> Movant's attorney knew that the jury was fully aware that [victim] was only 16 years old on [the date of the alleged forcible rape]. Betty Twitty, the mother of the victim, testified that she went to the police and told them that she wanted the movant charged with *statutory rape* because [victim] was only 16 years old when the act took place. Betty Twitty further testified that she told the police that she wanted movant prosecuted to the full extent of the law for *statutory rape* and that she believed that the first time he raped her it was *statutory*.
>
> Given the above testimony, the crime of statutory rape would have definitely been on the minds of the jurors. It was not unreasonable for movant's attorney to decide

> in his professional judgment that statutory rape was a matter that had to be addressed with the jury. From the following it is clear that the strategy of movant's attorney was to lessen its impact on and limit its use by the jury during its deliberations.
>
> . . .
>
> Under this instruction, even if the jury found and believed that movant was involved in the offense of statutory rape, they could only use that finding for two limited purposes. The trial court instructed the jury and ordered that they could only consider that evidence on the issue of identification of the perpetrator and whether movant and [victim] engaged in sex [on the date of the alleged forcible rape]. In that instruction, the court also told the jury that, "**You may not consider such evidence for any other purpose.**"
>
> By submitting Instruction No. 9, movant's attorney, in effect, had the court direct the jury that even if they believed and found that movant was involved in the crime of statutory rape, then they could not consider or use that determination to find him guilty of the crime of forcible rape.

(Tr. 13-6 at 81) (emphasis in original).

The opinion of the Circuit Court is directly supported by trial counsel's deposition testimony:

> Q [Attorney]: Assuming that there was testimony regarding [victim's] age, at the time of trial and the fact that the allegations were raised on [the date of the alleged forcible rape], there would have been testimony, before the jury, that she was under the age of 17, at that time. Is that a fair statement?
>
> A [Petitioner's Trial Attorney]: Yeah. They would have - - they would have been able to do the mathematics on that. Right. I agree.
>
> Q: So could that have also been in conjunction with the previous ruling of the Court of a continuing sexual relationship, further evidence of the commission of the offense of statutory rape in the second degree?
>
> A: It could have. Yeah.
>
> Q: And again, that testimony, to be clear, was brought in, over your objection at a fairly lengthy pretrial hearing on that matter, wasn't it?
>
> A: It was.

11

>Q: And I don't want to put words in your mouth, but based on your direct examination, is it fair to say that you and [your co-counsel] felt boxed in by the court's ruling and needed some way to blunt the impact of that evidence?
>
>A: I would say that's fair.

(Tr. 13-6 at 65-66).

Based on trial counsel's deposition testimony and the record as a whole, the Court cannot find Instruction No. 9 to have been prejudicial to Petitioner. To the contrary, the record indicates use of the instruction was a legitimate trial strategy by Petitioner's counsel to prevent the jury from improperly convicting him of forcible rape based on evidence that he committed the uncharged offense of statutory rape. In other words, Instruction No. 9 was to prevent the jury from considering evidence of the statutory rape for an improper purpose. Moreover, counsel also testified at deposition that he introduced five or six alibi witnesses at trial to account for Petitioner's whereabouts on the day of the forcible rape. (ECF No. 13-6 at 55-56). Thus, counsel's testimony further supports that the identification limitation within Instruction No. 9 was a relevant, not prejudicial or confusing, consideration. Petitioner has failed to prove otherwise.

Other than generally directing this Court to the deposition testimony of his trial counsel, Petitioner has not shown a reasonable probability of a different result had counsel not proffered the jury instruction at issue here. *See Strickland*, 466 U.S. at 694 (to establish prejudice, the movant must show a reasonable probability that, but for counsel's errors, the result of the trial would have been different). The record reflects that counsel pursued a legitimate strategy in attempting to mitigate the statutory rape evidence permitted at trial. Whether or not Instruction No. 9 ultimately accomplished its intended purpose, counsel is not incompetent merely because the strategy did not succeed. *Id.* at 689.  Additionally, even though trial counsel's reasoning

might have been, in hindsight, unsuccessful, that is not a basis to deem him ineffective. *See Johnson v. Steele*, No. 4:11-CV-01022-SNLJ, 2014 WL 4627174, at *12 (E.D. Mo. Sept. 12, 2014) (citing *Clayton v. State*, 63 S.W.3d 201, 206 (Mo. banc 2001) ("[r]easonable choices of trial strategy, no matter how ill fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance.")).

Thus, Ground Three regarding Instruction Number 9 is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Dewey O. Hopper, Jr. for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

So Ordered this 21st day of September, 2020.

**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**

13